**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50462 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04204-JM |
| v. | |
| PEDRO SANCHEZ-ZARATE, AKA Antonio Sanchez-Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Pedro Sanchez-Zarate appeals from the 60-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Sanchez-Zarate contends that the district court erred in finding that his prior conviction under California Health and Safety Code § 11351 categorically qualifies as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(i). He contends that California Health and Safety Code § 11351 is categorically overbroad because it prohibits the possession or purchase for sale of a wider range of controlled substances than does federal law. Because this court has previously noted that "California law regulates the possession and sale of numerous substances that are not similarly regulated by the [Controlled Substances Act]", *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007), we look to whether "documentation or judicially noticeable facts", *United States v. Benitez-Perez*, 367 F.3d 1200, 1203 (9th Cir. 2004) (internal quotation marks and citations omitted), clearly establish that Sanchez-Zarate's prior conviction qualifies as a drug trafficking offense.

The amended felony complaint and the nolo contendere order show that Sanchez-Zarate admitted to possessing or purchasing for sale cocaine. *Cf. United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc) (holding that a complaint and "written plea and waiver of rights" form failed to establish the factual predicate for appellant's plea of guilty pursuant to *People v. West*, 3 Cal. 3d

2

595 (1970), because the documents failed to establish that appellant admitted to the factual allegations in the complaint). Hence, even if California Health and Safety Code § 11351 can be construed as overbroad, the record establishes that Sanchez-Zarate was convicted of the generically defined crime.

**AFFIRMED.**

09-50462